**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**CHELSEA L. DAVIS**

v.

**LESLIE D. WARE, AMY ABBOUD WARE, ERIC ALBRITTON, T. JOHN WARD JR.,**
**APPLE INC., SAMSUNG ELECTRONICS CO. LTD., SMARTFLASH LLC,**
**SMARTFLASH TECHNOLOGIES LLC**

**NO. 4:15-cv-144**

---

**FEDERAL SEX AND FORCED LABOR TRAFFICKING COMPLAINT**

Chelsea L. Davis (hereinafter referred to as "Chelsea Davis") files this FEDERAL SEX AND FORCED LABOR TRAFFICKING COMPLAINT as a victim of human trafficking against Leslie D. Ware, Amy Abboud Ware, Caldwell, Cassady & Curry P.C., Eric Albritton, T. John Ward Jr., T. John Ward, Jr., P.C. d/b/a Ward & Smith Law Firm, the Albritton Law Firm, Apple Inc., Samsung Electronics Co. Ltd., Smartflash LLC, and Smartflash Technologies LLC and against my common employer. Caldwell, Cassady & Curry P.C., T. John Ward, Jr., P.C. d/b/a Ward & Smith Law Firm, the Albritton Law Firm, T. John "Johnny" Ward, Jr., and Eric Albritton, along with Apple Inc., Samsung Electronics Co. Ltd., Smartflash LLC and Smartflash Technologies LLC, constitute my common employer. If I am permitted to file and maintain this action in this Court, if this Court has exclusive jurisdiction and/or if the State Bar of Texas, through the Board of Disciplinary Appeals, does not have the authority to transfer this action to itself, then I request this Court to enter an order to that effect. Each of Caldwell, Cassady & Curry P.C., Eric Albritton, T. John Ward Jr., Apple Inc., Samsung Electronics Co. Ltd.,

**COMPLAINT**                                                                                                  1

Smartflash LLC, Smartflash Technologies LLC and my common employer unlawfully sexually harassed, sexually abused and mistreated me, continuing to promise me wages and payment in full without delivering on their promises, in violation of state and federal laws governing employment which require employers to pay wages and meet fair labor standards.   This document is to be considered as a whole, including attachments, amendments and supplements hereto along with affidavits, exhibits and additional evidence attached at any time hereto.   I incorporate by reference herein my objections and defenses subsequently attached hereto.   I incorporate by reference herein specific evidentiary attachments hereto, including the police report I filed in August 2011, complaining after I was raped in the complex which includes the offices of Caldwell, Cassady Curry P.C. and of Leslie D. Ware where I lived and worked, surveillance footage, and the papers signed by management relating to the event.   I incorporate by reference herein the police report I filed after I was raped by Judge Carlos Cortez in December 2012 just prior to attending a firm event with the attorneys of Caldwell, Cassady Curry P.C. and of Leslie D. Ware, and the police report I filed after I was beaten by Leslie D. Ware in January 2013, chased in my car, totalling it, and hospitalized. I incorporate by reference my medical records of a visit to the emergency room after working all day and night on patent matters and having sex with Leslie Ware in his office. I incorporate by reference my medical records of the sexually transmitted diseases I acquired due to Leslie Ware, including the recommended treatment of removal of my cervix due to cervical cancer and my sworn affidavits which describe Leslie D. Ware sadomasochistically sexually abusing me, forcing me to drink his urine and eat feces, take off my clothes for him in our offices and tolerate him violently forcing his sexual organ in and out of my esophagus past my throat and into my rectum, causing

**COMPLAINT**                                                                    2

damages to all of my orifices.  I seek discovery to reveal the financing arrangements for certain patent cases such as *Smartflash LLC, and Smartflash Technologies LLC v. Apple Inc.* 6:14-cv-447 (E.D.Tex. filed 2013) including multiple law firms and over 200 shell entities, in support of my proof of my common employer and the patent and trafficking ventures which yield nine figure results in United States dollars, using valid liability theories and caselaw on point. Causes of Action, including human trafficking and sexual assault, asserted herein are very serious and deserve this Court's full attention. Every element of each cause of action herein is fully supported by the evidence and cannot be deemed frivolous. The facts herein, including Leslie Ware's pattern of abusing one female lawyer after the next, establish that this case is of great public interest and importance and must not be sealed in its entirety, although certain exhibits like graphic nude photographs should be filed as sealed documents.

## PARTIES

I, Chelsea L. Davis, am a resident of Texas and file this Complaint against Leslie D. Ware (referred to as "Leslie Ware") who resides in Dallas County, Texas.  Each of Leslie D. Ware, his wife Amy Abboud Ware, lawyer Eric Albritton, lawyer T. John Ward Jr., the law firm Caldwell Cassady & Curry P.C., the law firm of T. John Ward Jr., the law firm of Eric Albritton, Apple Inc., Samsung Electronics Co. Ltd., Smartflash LLC, and Smartflash Technologies LLC is named as a Defendant and is a person or entity over whom or which this Court may obtain personal jurisdiction.

## JURISDICTION AND VENUE

I raise a federal question pursuant to federal anti-human trafficking laws for sex and forced labor human trafficking at 18 U.S.C. §§ 1581-94 which affects interstate commerce.

**COMPLAINT**                                                                                    3

It would be unwise in a case of this nature to accord res judicata or another effect to a state court judgment, especially where the state court's restrictions on discovery cast into significant doubt the reliability of any state court's factual determinations. *Key v. Wise*, 629 F.2d 1049, 1066 (5th Cir. Miss. 1980).  The doctrine of res judicata, "as a rule of public policy, must be watched in its application lest a blind adherence to it tend to defeat the even firmer established policy of giving every litigant a full and fair day in court," which I have not yet had. *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 189 (2nd Cir. N.Y. 1955).  I plead waiver of and assert the Eleventh Amendment sovereign immunity of the State Bar of Texas to the extent, if any, the State Bar of Texas attempts to intervene in this action.

Jurisdiction of this Court may or may not arise under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1981-83, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent actions involving same parties and same facts may or may not be authorized by Fed. R. Civ. P. 18(a) and may or may not arise under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer may or may not be authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the "Federal Courts Jurisdiction and Venue Clarification Act of 2011" at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

## **STATEMENT OF FACTS**

On a particular date on or about June 2011, at a time when I was Leslie Ware's sex slave and patent attorney, Leslie Ware told me that we was going to have a threesome with myself and the woman who was helping me as a paralegal at that time. At first, I declined to arrange it. Then, on Sunday afternoon, Leslie Ware sent a man named Kevin Smith to the pool at my apartment building where I was laying out. The man offered me a glass of champagne. I accepted and drank one glass in a plastic champagne glass. After I finished my first glass, he offered me a refill and I accepted. I handed him back my glass, he switched it with another glass, and I drank some of it.  I began to feel very dizzy and foggy, and I thought it was because I had not eaten. I put on my coverup, left the pool and walked to Ocean Prime, a restaurant in the complex. I did not want Kevin Smith to come with me, but he insisted.  I ordered a shrimp cocktail and ate it along with nearly a loaf of sourdough bread, but I continued to feel worse. I told Kevin Smith that I did not feel well and needed to go home. I told him to go back to the pool to meet his friends.  Instead, when I walked home, he followed me. I told the security guard in my building that he did not live there as I passed the desk, feeling very groggy, so much so that the room was caving in around me and going black.  I got in the elevator and pushed my floor. I did not see Kevin Smith behind me on the elevator. When I entered my apartment, he was behind me. I walked out onto the balcony, curled up in a ball in my dog's bed, and blacked out. The next thing I remember is being in my bed inside my room with Kevin Smith on top of me, about to force his sexual organ into mine. I screamed as loud as I could, I told him NO, and he left.

The only person who knew that my guard dog was not in my apartment was Leslie Ware. Leslie Ware had planned for me to go on a trip to San Francisco with patent broker/attorney

Robert Westerlund the next day to attend the IAM IP Business Congress annual event and IP Hall of Fame Gala, and I told him that I dropped off my dog at daycare on Saturday because they were closed on Sunday prior to me leaving for the airport.  I ended up sleeping from the time Kevin Smith left my apartment until after my plane had left.  I pulled myself together and took the next flight to San Francisco. Of course, our common employer required us to share a hotel room, and Robert Westerlund wanted sex. I only let him see me naked and demanded a cot; he was respectful.

When I returned from San Francisco, my car had been vandalized and keyed in the private parking garage.  My tires were slashed.  I begged for the surveillance video and filed a police report, but they refused. I knew I was on the same path as Leslie Ware's last female victim and that this was just the tip of the iceberg of what he would do to me if I ever said no to him again. A few months later, Leslie Ware took me house and office shopping for another location and told me it was time to move into a house alone away from all of the surveillance cameras and community watch that a high-rise apartment building provides. Only the male members of McKool Smith P.C.'s "A team" could work from that location under the entity Caldwell Cassady & Curry P.C.  We share office equipment, supplies, litigation services, IT services, support services, etc.  Leslie Ware furnished office furniture, computers, printers etc.

Leslie Ware continued to push about sex with the paralegal in the office. He told me that he knew her son had recently died, and he threatened to kill her daughter if she did not agree to have sex with us.  He called her on the phone, got her to do several hours of research on the computer without pay for some patents he was interested in buying, and then he set up the threesome at the new office on a workday while she was there. I have their phone records and a

**COMPLAINT**                                                                                          6

recorded phone call.  I also have the wine bottle that he brought for the occasion.  On August 19, 2011, Leslie D. Ware forced the woman and I, by force, fraud or coercion, to engage in lewd exhibition of our genitals and have sexual intercourse with him. He left us $500 cash.

Leslie Ware threatened me with a number of verbal threats to force me to engage in sexual conduct with him and the paralegal. He also made physical threats by conspiring with others to harm me and actually harming me and vandalizing my car.  Leslie Ware threatened to kill me, to have me raped, and to take away my law license - to force me to engage in sexual conduct with him and others of whom he was financially or otherwise with in a venture.  Leslie Ware sadomasochistically sexually abused me with deep throat penetrations and anal penetrations without lubricant, and he forced me to drink his urine and eat feces.  He strangled me and suffocated me.  That was his routine, and attorneys in the office knew it, including Eric Albritton and T. John Ward Jr.

Beginning in 2011 to present, Leslie Ware forced me to perform labor or services for him for his patent business without full pay under various agreements while he was earning millions of dollars in profits.  Leslie Ware uses over 200 different entities organized in various states and abroad, for example, in the British Virgin Islands, to carry out his patent business.  To him, this is a game to see if I am a good enough lawyer to make him pay me in court in the face of severely devastating obstacles like total poverty, blacklisting me to the point that I cannot even get a job as a waitress because he has me followed on and offline to watch my every move and has unlawfully conspired with others to attempt to block my access to all state courts and to the United States District Court for the Northern District of Texas by way of advisory opinions or other void papers, which puts me before this Court, Leslie D. Ware's favorite place, where he

regularly conducts business and wins hundreds of millions of dollars at a time.

After working very closely with and being sexually abused by the people in charge of the patent business in the United States District Court for the Eastern District of Texas prior to 2015, I know the patent business well, and I know the big nine figure jury verdicts are about tax evasion and paying lawyers and judges off. What looks like David versus Goliath is often just Goliath versus itself to lower its tax base.  I am here to take what I earned through hard work.  I am also here to take what I am owed due to the misconduct of agents of my common employer. I was sadomasochistically sexually abused for years, intentionally infected with incurable sexually transmitted diseases causing cervical cancer, and, when I complained, which I did in 2011, 2012 and 2013, I was violently drugged and raped. I was chased in my car, stalked and followed, and I became very afraid on three particular occasions, so much so that I could not sleep and suffered the devastating effects of post traumatic stress disorder and lack of sleep. I was hospitalized on several occasions for my injuries and have enough evidence from the past five years to fill a box truck, including pictures of their sexual organs, recorded phone calls, medical records, videos, emails, text messages, phone records, contracts, detailed time records, etc.  I was previously raped, drugged, and blacklisted, such that now, after years of strenuous forced labor without pay, I am actually penniless.  I incorporate by reference herein my contracts and agreements to pay me with the common employer named in this lawsuit, including T. John Ward, Jr.  I completed performance of my assignments to the satisfaction of my common employer, and I request this Court to enter an order requiring the common employer to pay me unconditionally NOW for my nearly 9,000 hours of labor plus damages based on the common employer's net worth for human trafficking for which no proof of injury is required and under the following legal theories.  All

**COMPLAINT**                                                                                                8

facts and issues are introduced in this motion for the limited purpose of obtaining a piece of the pie here, and I reserve my right to file this same motion on every pie related to my past labor until I am paid in full.

<u>LIABILITY AS A COMMON EMPLOYER</u>

Caldwell, Cassady & Curry P.C., T. John Ward, Jr., P.C. d/b/a Ward & Smith Law Firm, the Albritton Law Firm, T. John "Johnny" Ward, Jr., and Eric Albritton, along with Apple Inc., Samsung Electronics Co. Ltd., Smartflash LLC and Smartflash Technologies LLC constitute a single business enterprise (herein referred to as "the common employer" or "my common employer). In carrying out their single business enterprise, Caldwell, Cassady & Curry P.C., T. John Ward, Jr., P.C. d/b/a Ward & Smith Law Firm, and the Albritton Law Firm have common ownership and share financial and other resources. They have similar employees and operate out of the same office space and utilize the services of the same officers and employees.  Leslie D. Ware, who funds each and on behalf of each, authorized all of the acts and omissions contained herein attributed to each. Caldwell, Cassady & Curry P.C., T. John Ward, Jr., P.C. d/b/a Ward & Smith Law Firm, the Albritton Law Firm, T. John "Johnny" Ward, Jr., and Eric Albritton, along with Apple Inc., Samsung Electronics Co. Ltd., Smartflash LLC and Smartflash Technologies LLC, should be held individually or jointly and severally liable to me.

Leslie D. Ware violated Rule 5.04 of the Texas Disciplinary Rules of Professional Conduct. Rule 5.04 requires the Professional Independence of a Lawyer. It states:

> "(a) A lawyer or law firm shall not share or promise to share legal fees with a non-lawyer, except that: (1) an agreement by a lawyer with the lawyer's firm, partner, or associate, or a lawful court order, may provide for the payment of money, over a reasonable period of time, to the lawyer's estate to or for the benefit of the lawyer's heirs or personal representatives, beneficiaries, or former spouse, after the lawyer's death or as otherwise provided by law or court order. (2) a lawyer who undertakes to complete unfinished legal business of a deceased

<u>**COMPLAINT**</u>                                                                                              9

lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer; and (3) a lawyer or law firm may include non-lawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

(b) A lawyer shall not form a partnership with a non-lawyer if any of the activities of the partnership consist of the practice of law.

(c) A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if: (1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration; (2) a nonlawyer is a corporate director or officer thereof; or (3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

Leslie D. Ware, as an agent of the common employer, forced me not only to report to him daily, have sex with him, drink his urine, eat feces, and tolerate the pain of extreme sexual abuse which damaged my throat, colon and vagina, and the common employer violated this rule more than four years ago.  Leslie D. Ware stalked me and controlled my day to day activities.  Each of Eric Albritton and T. John Ward Jr. violated Rule 5.04 of the Texas Disciplinary Rules of Professional Conduct under the guise of a training or other employment program, to teach me how to behave, because they get off on abusing one female lawyer after the next and showing her the true power of the empire they have built.

Chelsea Davis reserves her right to use any single business enterprise argument as a shield, a sword or both for any purpose.  At times material to this action, the common employer acted within the scope of the employment. In addition, the common employer acted in furtherance of its business and as an agent of the common employer.  Whenever it is alleged that the common employer did any act or thing, it is meant that each of the common employer's

supervisors, agents, servants or representatives did such act and/or that at the time such act was done, it was done with the full authorization or ratification of the common employer and/or was done in the normal and routine course and scope of employment of the common employer's supervisors, agents, servants, employees, or representatives. The common employer is vicariously liable for the actions of T. John Ward Jr. and Eric Albritton as described herein. Chelsea Davis reserves her right to use any vicarious liability argument as a shield, a sword or both for any purpose.

The common employer acted in its capacity as shareholders and managers and had actual authority to engage in the wrongful conduct alleged. The common employer intentionally conferred general authority on, for example, Eric Albritton, T. John Ward, Jr., and the common employer to act on its behalf.  Through a lack of reasonable care, the common employer permitted the common employer, Eric Albritton and T. John Ward, Jr. to believe they possessed general authority to act on its behalf.  At least one of those constituting the common employer had a meeting of the minds with at least another one of those constituting the common employer as to the creation of the agency, and acted within the course and scope of the agency.  The acts of management, including but not limited to Eric Albritton asking me for sex at the Mansion Bar and T. John Ward P.C. employing my labor, were performed while employing Chelsea L. Davis, to further the common employer's business(es), to accomplish the objective for which these supervisory employees were hired, and within the course and scope of that employment or within the authority delegated to them.

Managers/Financiers/Agents T. John Ward Jr. and Eric Albritton of the common employer were given supervisory authority over Chelsea L. Davis.  As such, they controlled the

day-to-day work conditions, duties, and all other aspects of Chelsea L. Davis's employment. Chelsea L. Davis reserves her right to use any actual authority/agency argument as a shield, a sword or both for any purpose, for an argument for or against any party or non-party in any action.

Agents of the common employer T. John Ward Jr. and Eric Albritton acted in their capacity as shareholders and managers and had apparent authority from the common employer to engage in the wrongful conduct alleged. Agent of the common employer T. John Ward Jr. or Eric Albritton either (1) held the agent of the common employer T. John Ward Jr. or Eric Albritton out as having the authority to act on its behalf; (2) knowingly permitted the agents of the common employer T. John Ward Jr. and Eric Albritton to hold themselves out as having the authority to act on the common employer's behalf; or (3) acted with such a lack of ordinary care that it clothed agents of the common employer T. John Ward Jr. and Eric Albritton with the indicia of authority to act on the common employer's behalf.  Chelsea L. Davis reserves her right to use any apparent authority/agency argument as a shield, a sword or both for any purpose.

Chelsea L. Davis exhausted administrative remedies by filing charges of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and/or Texas Workforce Commission.   In the Charge(s), which includes amendments and attachments attached hereto by Chelsea L. Davis, Chelsea L. Davis asserts that the common employer discriminated against her because of her gender. Chelsea L. Davis exhausts her administrative remedies and files within the statutory limitations period.

## 1.      *Human Trafficking Under Federal Law - Forced Labor Against the Common Employer*

The common employer, as the perpetrator and as the participant, participated in a venture

which engaged in the forced labor of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against the common employer under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages." *Id.* Under 18 U.S.C. § 1593A, the common employer is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. The common employer knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. The common employer participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* The common employer knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever

**COMPLAINT**                                                                                                  13

knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.*  Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish the common employer for its wrongful conduct in violation of the law.

Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to the common employer of her services or the value of her labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) and exemplary damages.

### *2.*     *Human Trafficking Under Federal Law - Sex Against the Common Employer*

2.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. The common employer was the perpetrator and/or participated in a venture which engaged in the sex trafficking of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against the common employer who unlawfully deprived Chelsea Davis of her

Constitutional right to protection from domestic violence under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages." *Id.* Under 18 U.S.C. § 1593A, the common employer is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. The common employer knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. The common employer participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* The common employer knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime

and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.*  Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish the common employer for its wrongful conduct.

Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to the common employer of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) and exemplary damages, plus a full time job going forward minus the trafficking.

### 3-4. State Law Trafficking of Persons - Sex and Forced Labor Against the Common Employer

I re-allege each and every one of the foregoing and following paragraphs as though set forth fully herein. The common employer has participated in a venture that involves trafficking of Chelsea Davis. The common employer knowingly trafficked Chelsea Davis with the intent that she engage in forced labor or services. The common employer intentionally or knowingly

**COMPLAINT**                                                                 16

benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer has participated in a venture that involves human trafficking. The common employer knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1), including by receiving labor or services the person knows are forced labor or services. Under Texas Penal Code Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. The common employer knowingly trafficked Chelsea Davis with the intent that she engage in forced labor or services. The common employer intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer has participated in a venture that involves human trafficking. The common employer trafficked Chelsea Davis and, through force, fraud, or coercion, caused her to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). The common employer intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer has participated in a venture that involves human trafficking. The common employer knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct

**COMPLAINT**                                                                                  17

prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused her to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). The common employer knowingly engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3). The common employer intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer engaged in the trafficking of Chelsea Davis. The common employer knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1). Under Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. The common employer knowingly trafficked Chelsea Davis with the intent that she engage in forced labor or services.

The common employer participated in a venture that involves trafficking of Chelsea Davis. The common employer invested in one or more ventures with his various entities and Leslie Ware.  The common employer knowingly owned, invested in, financed, controlled, supervised, or managed a prostitution enterprise that used two or more prostitutes, including Chelsea Davis and Leslie Ware, which is defined by Section 43.04 of the Texas Penal Code as Aggravated Promotion of Prostitution. The common employer paid other women to engage in sexual conduct with Leslie Ware and Chelsea Davis and investors in the venture. Leslie Ware

**COMPLAINT**                                                                                                    18

and the common employer knowingly trafficked me with the intent that I engage in forced labor or services. The common employer intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer has participated in a venture that involves human trafficking. The common employer trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution).  The common employer intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer has participated in a venture that involves human trafficking. The common employer knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3).   Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). The common employer knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). The common employer knowingly engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3). The

**COMPLAINT**                                                                                    19

common employer intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

The common employer engaged in the trafficking of Chelsea Davis. The common employer knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). The common employer knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution).  Each of the agents of the common employer knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3). Leslie Ware engaged in sexual conduct with Chelsea Davis when he engaged in actual, simulated or deviate sexual intercourse with her; when he touched her anus, breast, or any part of her genitals with intent to arouse or gratify the sexual desire of any person; when he masturbated on her; when he engaged in sado-masochistic abuse of Chelsea Davis; or when he engaged in lewd exhibition of his genitals or anus to Chelsea Davis or caused lewd exhibition of Chelsea Davis's genitals or anus or any portion of her breast below the top of the areola. The common employer knowingly received a benefit from participating in a venture that involves an activity described

by Subdivision (3) or engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3).

As a proximate result of the ventures or of the trafficking of me by and to the common employer, I suffered damages, and I seek actual, general, special, punitive and exemplary damages from the common employer, for example, based on its net worth, to punish it for its wrongful conduct.

The common employer may be held liable to me for trafficking of persons based on sexual conduct between Eric Albritton and the assistant (whose name is not being disclosed herein to protect her privacy) for the trafficking of myself. The common employer may be held liable to me for trafficking of persons based on the forced labor I performed for T. John Ward Jr. for the trafficking of myself.

**5-7.**   ***Harassment Against Leslie D. Ware, Amy Abboud Ware and the Common Employer***

To avoid paying me and to keep me quiet about the forced labor and sex trafficking, Leslie D. Ware and his wife Amy Abboud Ware resorted to having me harmed and falsely arrested in 2013 and on Jan. 10, 2014 to teach me that they would squash me like a bug for telling the truths, including the truths about their patent business and about corrupt judges and litigants in the United States District Court for the Eastern District of Texas.

Chelsea L. Davis was subjected to seventy-five days of confinement in Dallas County jail based on verbal lies by Leslie D. Ware and Amy Abboud Ware without probable cause and most recently arrested for contempt of a child support order, which is a felony failure to pay child support, forcing me to pay $2500 in child support on top of over $11,500, even though I am not married and do not have any children, which constitutes clear and convincing evidence of

**COMPLAINT**                                                                                                          21

unlawful harassment by Leslie D. Ware and Amy Abboud Ware and a conspiracy to harm me to make me shut up to cover up the details of their patent business and Leslie D. Ware's whores, sex slaves and forced labor operations.

Leslie D. Ware and Amy Abboud Ware had an ulterior motive. had the improper purpose of trying to gain an advantage against Chelsea L. Davis in litigation in an attempt to prevent me from instituting or intervening in litigation, filing documents, presenting evidence and presenting claims and defenses, unlawfully depriving me of my access to the courts and my money that I had left from my employment post-McKool Smith P.C., which may be imputed to the common employer. The common employer's purpose at all times has been to aid and abet a human trafficking enterprise involving forced labor and sex trafficking, to benefit itself and its members, by sexually gratifying its investors and forcing Chelsea L. Davis to work without pay.  I incorporate by reference herein my medical records which prove that I was beaten by Leslie D. Ware at my home in January 2013, incorporating pictures of my bruises, and documented sexual abuse from 2011 to 2013, including the detail that Leslie D. Ware sold me for forced sex or labor to investor Harlan R. Crow, to Eric Albritton and to T. John Ward Jr.  A stay in the civil case for trafficking is mandated pending resolution of at least a criminal case against Leslie D. Ware for trafficking Chelsea L. Davis, which has or has not yet been resolved. As a result of the unlawful arrests and detentions, Chelsea L. Davis suffered damages. Leslie Ware paid me to engage in sexual conduct with him and others, including domestic and foreign investors in the venture of the Smartflash LLC patent infringement lawsuit of my common employer, including key players Eric Albritton and T. John Ward Jr.  Leslie Ware has forced me to perform labor or services for T. John Ward Jr. and the common employer, and I received multiple interest payments from

multiple law firms and investors under the umbrella of my common employer from 2011 to present for sex and for work from lawyers and other investors in this venture.

I am entitled to $100,000,000, including over Three Million U.S. Dollars for my nearly 9,000 hours of time spent working over the past nearly four years, pursuant to the terms of employment, agreements to pay me $250-$350 per hour, plus patents at $20,000 per unit and trademarks at $2,000 per unit for labor for which this claim is being made and anti-human trafficking laws which provide me with civil remedies based on the net worth of Smartflash LLC, Smartflash Technologies LLC, Apple Inc. and Samsung Electronics Co. Ltd. because I am a victim of human trafficking.

**8.**     ***Title VII/Fair Labor Standards Act Violation Against the Common Employer***

Chelsea L. Davis is the victim of quid pro quo and hostile work environment sexual harassment and discrimination and sexual abuse under state and federal law.  See, e.g., 42 U.S.C. 2000e-2(a) (2010).  The common employer, through its agents, supervisors, or employees, violated Chelsea L. Davis's civil rights in violation of Title VII, by discharging her or otherwise discriminating against her with respect to her compensation, terms, conditions, or privileges of employment, because of her sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive her of employment opportunities, and adversely affecting her status as an employee because of her sex. These violations consisted of discrimination of a continuous nature. The common employer, through its agents, supervisors or employees, discriminated against Chelsea L. Davis, which led to the loss and impairment, in whole or in part, of the wages, benefits, privileges, and terms and conditions of Chelsea L. Davis's

employment. The above-described acts on the part of the common employer caused Chelsea L. Davis substantial injury and damage.

**9.      *Conspiracy Against the Common Employer***

The common employer engaged in a conspiracy and campaign to stigmatize, villify, and defame Chelsea L. Davis, ruining her reputation and making it nearly impossible for her to secure other employment. The common employer and agents thereof in a combination participated in a single course of action to accomplish a single unlawful purpose or a lawful purpose by unlawful means. The agents of the common employer in the combination had a meeting of the minds on the object or course of action, and in furtherance of the object or course of action, committed one or more unlawful, overt acts, causing damages to Chelsea L. Davis as a proximate result. Two or more agents including Eric Albritton and T. John Ward Jr. engaged in a conspiracy to accomplish the trafficking venture.  Chelsea L. Davis describes a conspiracy to accomplish a single tort,for example, of assault, for which Chelsea L. Davis seeks to hold the common employer liable.

Each agent gave assistance or encouragement to a person committing a tort, and the assistance or encouragement is a substantial factor in causing the tort, the common employer is considered a tortfeasor and is responsible for the consequences of the tort. Chelsea L. Davis seeks recovery of all actual, consequential and incidental damages from the common employer, who should be held individually or jointly and severally liable for the underlying acts. Chelsea L. Davis will show unto the United States District Court for the Eastern District of Texas that each agent of the common employer acted with the requisite intent - i.e., with fraud, malice, or gross

negligence for purposes of an exemplary award. Chelsea L. Davis suffered general damages and seeks punitive and exemplary damages as described herein.

**10.     *Disability Discrimination Under State and Federal Law***

I am a qualified individual who had a long-standing physical impairment in that I suffered from severe insomnia and PTSD while I was being physically and sexually abused while being forced to work that limited me in one or more major life activities, including, but not limited to, my ability to think, concentrate and work, among other things. I have a history and record of having said disability specifically acquired because of the common employer who employed me and abused me and then retaliated against me by having me raped and drugged when I started talking and standing up for myself, that severely compromised me. My record of said disability takes the form of hospital records, medical records and personnel records that indicates I once had a substantially limiting impairment.  Consequently, I have a claim arising under and within the meaning of the Americans with Disabilities Act ("ADA"). The common employer has misperceptions regarding me that proved detrimental to my employment - namely that my impairment is problematic, permanent, and substantially limiting.  The common employer, through its agents, supervisors, or employees violated my civil rights in violation of the ADA, by intentionally interfering with my performance of my employment because of my actual medical condition, history and record of disability and the perception of the same including being openly hostile toward me after my return to work from my medical leaves, deviating from normal medical leave reporting processes, snatching documents out of my hands, and retaliating against me unlawfully. The common employer, through its agents, supervisors, or employees discriminated against me which led to the loss and impairment, in whole or in part, of

the wages, benefits, privileges, and terms and conditions of my employment. The above-described acts caused me substantial injury and damage.

**11.**    ***Equal Pay Act - Wages and Overtime Under State and Federal Law Against the Common Employer***

The common employer is aware of the Texas and FLSA's overtime requirements and chose not to pay me minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 per work week minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 per work week. The common employer willfully misclassified me as an independent contractor and refused to pay me overtime and benefits. The common employer knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation and knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay wages and overtime compensation to me. Because the common employer's records are inaccurate and/or inadequate, I meet my burden under the Texas law and FLSA by proving that I, in fact, performed work for which I was improperly compensated, of which I request this Court to take judicial notice of all litigation in state and federal court, and I produce sufficient evidence to show the amount and extent of the work as a matter of a just and reasonable inference. The common employer's practice of failing to pay me has left me actually penniless, turning to assistance in the way of food stamps, because the common employer violated Texas law and the FLSA. None of the exemptions provided by Texas law and the FLSA regulating the duty of employers to pay minimum wage are applicable to the common employer or to Chelsea L. Davis.

**COMPLAINT**                                                                                26

For example, when I spent time working on the matter, when I drafted and filed patents and trademarks, when I drafted claim charts, when I worked on the matter, I did not receive any compensation from the common employer after monthly payments ended in January 2013, except a few other payments in 2013, in spite of the promises of the common employer to send me money in accordance with the terms of our consulting, employment and other agreements at $250-$350 per hour and $6,000,000 total including interest, which is now due.

### 12-13.  *Quantum Meruit and Unjust Enrichment Against the Common Employer*

I seek compensation, on grounds of quantum meruit and unjust enrichment, for the innovative systems that I invented, created and developed and for all of my labor and services, as consideration for the work, because the common employer promised me compensation beyond that which I received for my services. As a direct and proximate result, the common employer is unjustly enriched by the jury award, depriving me of compensation, for which I seek to recover my fair share and damages to punish the common employer for its wrongful conduct to the greatest extent of the law.  Proprietary details of the work with regard to specific intellectual property interests and sealed court documents of which this Court is aware are reserved for submission at a hearing.

### 14.  *Restitution Against the Common Employer*

Chelsea Davis seeks an order of restitution order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to the common employer of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) at $350 per hour and exemplary damages.

### 15-16.  *Unlawful Conspiracy To Commit Malicious Prosecution for Stalking Against Leslie D.*

**COMPLAINT**                                                                                              27

*Ware and Amy Abboud Ware*

On May 10, 2013 and following, Leslie Ware and Amy Abboud Ware presented a criminal complaint with the Dallas Police Department and District Attorney Messina Madson of Dallas County, Texas. The complaint accused Chelsea Davis of having committed the offense of stalking. This caused a warrant to issue for Chelsea Davis's arrest and an emergency protection order in Collin County Court, Cause No. 01JM134225. Chelsea Davis was arrested on multiple dates at her home in Collin County in 2013 and taken to Collin County Jail. Leslie Ware then sent an email to himself from an account he shared with Chelsea Davis and acted without probable cause in making false and misleading statements and omissions to the prosecuting attorney that Chelsea Davis violated a condition of bond that he *and* she did not honestly, reasonably, and in good faith believe, causing Chelsea Davis to be detained in custody for a period of 75 days beginning on January 10, 2014 where she was punched in the face twice by inmates.

Chelsea Davis seeks an order for monetary damages and an order of restitution for her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to the common employer of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) at $350 per hour and exemplary damages.

WHEREFORE, Chelsea L. Davis demands an order requiring the common employer to pay me as its employee for actual, general, special, compensatory damages in the maximum amount under the law and further demands an order against the common employer for punitive damages in the amount of $100,000,000 or the maximum amount allowable under the law,

whichever is greater, for which I demand a jury trial or order of sanctions against the common employer, three million U.S. Dollars, and such other relief at law and in equity to which I deem myself justly entitled.

## DAMAGES FOR CHELSEA DAVIS

Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(a), "(a)  A claimant who prevails in a suit under this chapter shall be awarded: (1)   actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown; and (2) court costs." *Id.* Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(b), "(b)  In addition to an award under Subsection (a), a claimant who prevails in a suit under this chapter may recover exemplary damages." *Id.*

Leslie Ware's actions directly and proximately caused me, Chelsea Davis, to suffer loss of past earnings.   I seek special damages to compensate me for a loss of past earnings in an amount of $10,000,000.   I also seek (1) actual damages; and (2) exemplary damages.   For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, I seek monetary relief up to and over $1,000,000, and I demand judgment for all the other relief to which I deem myself entitled.

I seek punitive and exemplary damages.   Chapter 98 of the Civil Practices and Remedies Code, effective June 19, 2009, provides exemplary damages to a victim of human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.003(b) (added by Acts 2009, 81st Leg., R.S., ch. 309); *see also* Tex. Civ. Prac. & Rem. Code § 41.008(c) (stating that limitations on exemplary damages are inapplicable to defendants committing specified felonies, including trafficking of persons under Chapter 20A of the Texas Penal Code).   This statutory basis for recovery is an additional remedy available to a victim of human trafficking and does not displace any other common law or statutory remedy. *See* Tex. Civ. Prac. & Rem. Code § 98.004 (added by Acts

2009, 81st Leg., R.S., ch. 309).

For purposes of an award of exemplary damages based on malice, the wrongful acts of Leslie Ware and named defendants were done maliciously, oppressively, and with the intent to harm me. I am therefore entitled to punitive and exemplary damages.

I demand judgment against Leslie Ware for money in an amount which may be based on Leslie Ware's net worth and which is sufficient to punish Leslie Ware for his wrongful conduct to intentionally harm me up to and in excess of $1,000,000. Under Tex. Civ. Prac. & Rem. Code Sec. 98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to victims of human trafficking." *Id.* Additional facts and issues and questions of fact and law in the ongoing human trafficking operations in which I am the victim presented in my subsequent motions and attachments in support are incorporated by reference herein.

## PRAYER

I, Chelsea Davis, pray for leave to exceed page limits, file documents, extensions of time and that: Leslie Ware, Amy Abboud Ware, Eric Albritton, T. John Ward Jr., Smartflash LLC, Smartflash Technologies LLC, Apple Inc. and Samsung Electronics Co. Ltd. be cited to appear in person, to give testimony and to produce documents and things, and to specifically answer this complaint individually, judgment be entered for Chelsea Davis against Leslie Ware and Amy Abboud Ware and the common employer for an award of monetary damages, actual, punitive, and exemplary damages, etc., for liability for trafficking of persons, Chelsea Davis be awarded judgment in a monetary amount of damages sufficient to punish Leslie Ware, Amy Abboud Ware and the common employer for its wrongful conduct up to $1,000,000 and over $1,000,000,

Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded a judgment, Chelsea Davis be awarded a judgment for all costs of court incurred by Chelsea Davis, including filing fees, clerk fees and service fees, court reporter fees, and other costs permitted by law, Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgments are paid, and Chelsea Davis demands judgment for other relief to which Chelsea Davis deems herself entitled herein in this document.  Leslie D. Ware, Amy Abboud Ware, Eric Albritton and T. John Ward Jr. may or may not be granted immunity under the State Bar of Texas because, in 2015, they may or may not appear to be a current officer, board member or past president of the State Bar of Texas.

WHEREFORE, PREMISES CONSIDERED, Chelsea L. Davis prays that judgment, upon motion or otherwise, be entered for Chelsea L. Davis against Leslie Ware, Amy Abboud Ware, Eric Albritton, T. John Ward Jr., Smartflash LLC, Smartflash Technologies LLC, Apple Inc. and Samsung Electronics Co. Ltd. for liability and upon final hearing(s) of the cause(s), judgment be entered for Chelsea L. Davis against Leslie Ware, Amy Abboud Ware, Eric Albritton, T. John Ward Jr., Smartflash LLC, Smartflash Technologies LLC, Apple Inc. and Samsung Electronics Co. Ltd. for damages to which Chelsea L. Davis is entitled pursuant to this Federal Complaint, and any amendment(s) and attachments hereto, including but not limited to back pay, loss of earnings in the past, and statutory relief at law, and equity; damages in an amount within the jurisdictional limits of this Court, compensatory damages for pain and mental suffering in the past, job search related expenses, lost wages, lost benefits, mental anguish, humiliation, embarrassment, and loss of enjoyment of life.

## **DEMAND FOR JURY TRIAL**

**COMPLAINT**                                                                                              31

Chelsea Davis demands a jury trial.

### Notice of and Motion for Anti-Suit Injunction

I hereby move for antisuit injunction to stay state court proceedings in the Northern, Eastern and Western Districts of Texas on March 6, 2015, which involve the State of Texas.


Dated: March 5, 2015                                Respectfully submitted,


                                                    /s/Chelsea L. Davis
                                                    Chelsea L. Davis, *pro-se*
                                                    TX BAR NO. 24059652
                                                    U.S.P.T.O Reg. No. 63,791
                                                    25 Highland Park Vlg., Ste. 100-830
                                                    Dallas, TX 75205
                                                    Telephone:  (469) 426-5850
                                                    Facsimile: (469) 533-0466
                                                    cdavis@chelseadavispc.com


### CERTIFICATE OF ATTORNEY

I certify that all facts alleged herein are true and correct.

Dated:  March 5, 2015                               /s/Chelsea L. Davis
                                                    Chelsea L. Davis, *pro-se*

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is filed in paper and electronically and sent concurrently to counsel of record excluding Chelsea L. Davis by electronic filing service provider as permitted by Tex. R. Civ. P. 21a; and, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using

**COMPLAINT**                                                              32

the electronic case filing system of the Court. I hereby certify that I have served J.

Robert Miller, Jr., Leslie D. Ware, Amy Abboud Ware and the State of Texas

with this paper as authorized by the Federal Rule of Civil Procedure 5(b)(2) and

the Local Rules for the United States District Court for the Eastern District of

Texas. I served J. Robert Miller Jr. at:

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134


Dated:  Mar. 5, 2015                    Respectfully,

                                        /s/Chelsea L. Davis
                                        Chelsea L. Davis

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with J. Robert Miller, Jr., counsel for

Leslie D. Ware and Amy Abboud Ware, and J. Robert Miller Jr. confirmed in

writing on the record that he filed this counterclaim seeking Attorney Fees for

Chelsea L. Davis as did Leslie D. Ware. I request this Court to take mandatory

judicial notice that Amy Abboud Ware, Leslie D. Ware and supervising attorneys/prosecutors acting on behalf of the State of Texas consented to the motion to dismiss pre-filing all criminal charges against Chelsea L. Davis based on conduct on or before March 6, 2015 for lack of probable cause to arrest Chelsea L. Davis.

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

Dated:  Mar. 5, 2015                    Respectfully,

                                        /s/Chelsea L. Davis
                                        Chelsea L. Davis

**COMPLAINT**                                                    34